## STATE OF CONNECTICUT *v.* CHARLES WALTHALL
### (AC 20305)

Schaller, Zarella and Dranginis, Js.

Submitted on briefs December 8, 2000—officially released February 27, 2001

*Richard E. Cohen* filed a brief for the appellant (defendant).

*James E. Thomas*, state's attorney, *Harry Weller*, senior assistant state's attorney, and *Thomas Garcia*,

assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Charles Walthall, appeals from the judgment of conviction, rendered after a jury trial, of arson in the first degree in violation of General Statutes § 53a-111 (a) (3)[1] and attempt to commit larceny in the second degree in violation of General Statutes §§ 53a-123 (a) (2)[2] and 53a-49 (a) (2).[3] On appeal, the defendant claims that the trial court improperly (1) denied his motion for a judgment of acquittal and (2) allowed a jury to be seated that was prejudicial to him due to its racial composition. We affirm the judgment of the trial court.

The defendant first claims that the court abused its discretion when it denied his motion for a judgment of acquittal on the basis of the insufficiency of the evidence. "The standards by which we review claims of insufficient evidence are well established. When reviewing a sufficiency of the evidence claim, our courts apply a [two-pronged] test. First, we construe the evidence in the light most favorable to sustaining the ver-

---

[1] General Statutes § 53a-111 (a) provides in relevant part: "A person is guilty of arson in the first degree when, with intent to destroy or damage a building, as defined in section 53a-100, he starts a fire or causes an explosion, and . . . (3) such fire or explosion was caused for the purpose of collecting insurance proceeds for the resultant loss . . . ."

General Statutes § 53a-100 (a) (1) provides in relevant part: " 'Building' in addition to its ordinary meaning, includes any . . . vehicle . . . ."

[2] General Statutes § 53a-123 (a) provides in relevant part: "A person is guilty of larceny in the second degree when he commits larceny as defined in section 53a-119 and . . . (2) the value of the property or service exceeds five thousand dollars . . . ."

[3] General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

dict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"It is within the province of the jury to draw reasonable and logical inferences from the facts proven. . . . The jury may draw reasonable inferences based on other inferences drawn from the evidence presented. . . . Our review is a fact based inquiry limited to determining whether the inferences drawn by the jury are so unreasonable as to be unjustifiable." (Internal quotation marks omitted.) *State* v. *Bradley*, 60 Conn. App. 534, 540, 760 A.2d 520, cert. denied, 255 Conn. 921, 763 A.2d 1042 (2000). After a thorough review of the record, the trial transcripts and the briefs and arguments of counsel, we conclude that there was sufficient evidence for the jury to have found the defendant guilty of arson in the first degree and attempt to commit larceny in the second degree. We therefore conclude that the court properly denied the defendant's motion for a judgment of acquittal.

The defendant, who is African-American, next claims that his conviction by a jury that consisted of all white persons violated the equal protection clauses of the constitutions of the United States and Connecticut. We decline to address this unpreserved claim because the record is inadequate for our review.

"The duty to provide this court with a record adequate for review rests with the appellant." (Internal quotation marks omitted.) *Summerbrook West, L.C.* v. *Foston*, 56 Conn. App. 339, 345, 742 A.2d 831 (2000). In this case, however, there is no indication in the record of the racial composition of the jury or whether the racial composition of the jury prejudiced the defendant because of his race. See *State* v. *Griffin*, 251 Conn. 671,

697, 741 A.2d 913 (1999) (article first, § 8, of constitution of Connecticut encompasses American tradition of trial by impartial jury drawn from cross section of community); see also *State* v. *McDougal*, 241 Conn. 502, 517, 699 A.2d 872 (1997) ("[d]efendants are not entitled to a jury of any particular composition . . . but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude *distinctive groups* in the community and thereby fail to be reasonably representative thereof" [emphasis in original]). We also cannot discern from the record whether the defendant had exhausted his challenges to the jury array. See *State* v. *Griffin*, supra, 699 (right to impartial jury guaranteed by rights to challenge jury array and to challenge prospective jurors for cause in addition to rights to individual voir dire and to challenge prospective jurors peremptorily). We therefore decline to review the merits of this claim.

The judgment is affirmed.